UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 95-cr-40003-JPG |
| | ) | |
| TIMOTHY W. GLISPIE, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on defense counsel's Motion (Doc. 312) to withdraw

and "no merits" statement.  Following the return of a guilty verdict in this matter, which was

ultimately affirmed on appeal, the Federal Public Defender explored whether Defendant Timothy

Glispie qualified for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and

United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  Defense

counsel eventually filed the instant motion, wherein she states that no non-frivolous arguments

can be made in support of reduction.  *See Anders v. California*, 386 U.S. 738, 744 (1967).

Despite the allowance of a response period by this Court (*see* Doc. 313), Glispie did not respond

to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 319), wherein

it agreed with the basic assertions and relief requested by defense counsel.

Glispie was found guilty of one count of conspiracy to distribute cocaine and crack

cocaine and one count of distribution of crack cocaine.  At sentencing, the Court found by a

preponderance of the evidence that Glispie's relevant conduct was 1.5 kilograms, which under

U.S.S.G. § 2D1.1 yielded a base offense level of 38.  His base offense level was not subjected to

any increase or decrease.  Considering Glispie's total offense level of 38 and his criminal history

category of IV , this yielded a sentencing range of 324 to 405 months imprisonment. Because the

Government filed an enhancement pursuant to 21 U.S.C. § 851, Glispie's mandatory minimum sentence became 20 years, which the Court ultimately handed down. *See* 21 U.S.C. § 841(b)(1)(A) (2006).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2) (2006).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Glispie cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2) (2006).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the

sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. § 5G1.1(b) based on a mandatory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Glispie was sentenced based on a mandatory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 20 years imprisonment.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Glispie cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider any reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion (Doc. 312) to withdraw.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Timothy W. Glispie, Reg. #03089-025, FPC Duluth, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814.

**IT IS SO ORDERED.**
**DATED: March 4, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**